1
2
3
4                     UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7    JUAN ANTONIO DEL VALLE,                    Case No. 18-cv-05661-SI

8                     Plaintiff,

9              v.                               **ORDER OF DISMISSAL**

                                                Re: Dkt. No. 1
10   K.J. ALLEN, et al.,

11                    Defendants.

12

13          Juan Antonio Del Valle, a prisoner currently housed at the Correctional Training Facility in

14   Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983 to challenge the failure to award

15   him time credits for completing educational courses.  His complaint is now before the court for

16   review under 28 U.S.C. § 1915A.

17

18                                    **BACKGROUND**

19          A state regulation allows inmates to be awarded "Milestone Completion Credit" for

20   completing "approved rehabilitative programs, including academic programs."  15 Cal. Code Regs.

21   § 3043.3(a).  Those credits are awarded in one-week increments, but no more than twelve weeks in

22   a twelve-month period; the award of such credits "shall advance an inmate's release date if

23   sentenced to a determinate term" or advance the initial parole hearing date of an inmate serving an

24   indeterminate sentence. *Id* at § 3043.3(c).  The regulation contains an important limitation, however,

25   for inmates taking academic courses:  "Milestone Completion Credit for completing academic

26   courses related to a high school diploma shall not be awarded to inmates already possessing a high

27   school diploma, high school equivalency approved by the California Department of Education, or

28   college degree." *Id.* at § 3043(b).

In his civil rights complaint, Juan Antonio Del Valle alleges that prison officials have wrongly denied him Milestone Completion Credits. He alleges that he has been attending education classes at the prison and has taken the GED test, but the education department at the prison refuses to grant him Milestone Completion Credits because prison officials believe he has a diploma. He alleges that he does not have a diploma (presumably from a high school or college) and prison officials refuse to provide documentation that he does have a diploma. For relief, he requests that the Milestone Completion Credits he has earned be awarded and that he receive damages.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Habeas corpus is the exclusive federal remedy whenever the requested relief requires a determination that a sentence currently being served is invalid or unconstitutionally long. *See Young v. Kenny*, 907 F.2d 874, 876 (9th Cir. 1990). When a prisoner challenges actions which affect the legality or duration of his custody, and a determination of the action may result in entitlement to an earlier release, the sole remedy is a writ of habeas corpus. *See id.* at 876-78; *accord Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973) (where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus).

Here, Del Valle's claim that prison officials are not awarding time credits to which he is entitled would, if successful, entitle him to be released from prison sooner than would otherwise occur. Del Valle cannot pursue that claim in a civil rights action under 42 U.S.C. § 1983. He must pursue his claim in a federal habeas action, if he pursues it at all in federal court. *See generally Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (civil rights complaint seeking

1  habeas relief should be dismissed without prejudice to bringing it as petition for writ of habeas

2  corpus).  Before filing his federal petition for writ of habeas corpus, Del Valle must exhaust state

3  court remedies for every claim contained in that petition.

4

5  **CONCLUSION**

6  This action is DISMISSED without prejudice to Del Valle filing a petition for writ of habeas

7  corpus after he exhausts state court remedies.  The clerk shall close the file.

8  **IT IS SO ORDERED**.

9  Dated:  March 12, 2019

10  _____

11  SUSAN ILLSTON
   United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28